# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 26- |
| v. | : | DATE FILED: |
| NYEEM ANDERSON | : | VIOLATIONS: |
| QADIR PETTUS | | 18 U.S.C. § 371 (conspiracy to steal |
| ZAAHIR MCGOUGH | : | government funds – 1 count) |
| | | 18 U.S.C. § 1708 (possession of stolen mail |
| | : | – 6 counts) |
| | | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.      The United States Department of the Treasury, Bureau of the Fiscal Service ("BFS"), was responsible for printing and mailing United States Treasury checks to individuals and businesses throughout the United States. These Treasury checks represented payments from a large number of federal agencies and included, among many other payments, income tax refunds from the Internal Revenue Service ("IRS"), social security benefit payments from the Social Security Administration ("SSA"), and veterans benefit payments from the Department of Veterans Affairs.

2.      Treasury checks, each with a unique treasury check number, were issued on behalf of federal agencies, such as the IRS and SSA, to a specific named payee, in a specific amount. These Treasury checks represented the payment of government funds to the individual named as the payee on the Treasury check in the amount listed on the Treasury check.

3. BFS operated two separate facilities, one of which was located in Philadelphia, Pennsylvania, from which Treasury checks were mailed via United States Postal Service on a daily basis to individuals and businesses around the United States.

4. After on or about October 17, 2025, BFS contracted with an independent company for printing and distributing United States Treasury checks to individuals and businesses throughout the United States. The independent company placed the United States Treasury checks into the mail stream through the United States Postal Service on a daily basis. If any of those United States Treasury checks were returned as undeliverable to the intended recipient for any reason, the Treasury check mail was marked "Return to Sender" and was sent back to BFS's Philadelphia facility via the United States Postal Service ("USPS").

5. From on or about December 13, 2024, to on or about May 27, 2026, in the Eastern District of Pennsylvania, and elsewhere, defendants

**NYEEM ANDERSON,**
**QADIR PETTUS, and**
**ZAAHIR MCGOUGH**

conspired and agreed, together and with others known and unknown to the grand jury, to commit an offense against the United States, that is, to steal and knowingly convert to their own use and the use of another, and without authority, sell, convey, and dispose of a thing of value of the United States in an amount over $1,000, in violation of Title 18, United States Code, Section 641.

**MANNER AND MEANS**

It was part of the conspiracy that:

6. Defendant NYEEM ANDERSON came into possession of stolen Treasury checks.

2

7. From on or about December 19, 2024, to on or about May 27, 2026, defendant NYEEM ANDERSON possessed hundreds of stolen Treasury checks whose total face value exceeded $68 million.

8. Once in possession of the stolen Treasury checks, defendant NYEEM ANDERSON advertised the checks for resale, including through social media and online messaging platforms like Telegram.

9. From at least on or about December 27, 2024, defendant NYEEM ANDERSON served as an administrator of a Telegram channel.

10. Defendant NYEEM ANDERSON used this Telegram channel for the purpose of reselling the stolen Treasury checks that defendant ANDERSON possessed.

11. Purchasers deposited the checks for their own monetary gain, without the permission of the persons to whom the Treasury checks had originally been issued.

12. To attract buyers, defendant NYEEM ANDERSON posted on the Telegram channel images of individual stolen Treasury checks offered for sale, as well as images showing large piles of envelopes containing stolen Treasury checks.

13. Defendant NYEEM ANDERSON negotiated with buyers a purchase price that was discounted off of the face value of the stolen Treasury check, often 10% of the face value.

14. After purchasers sent the agreed-upon payment to defendant NYEEM ANDERSON, or to others whom he designated to accept payments, for the stolen Treasury checks, defendant ANDERSON employed defendants ZAAHIR MCGOUGH and QADIR PETTUS to mail the stolen Treasury check to the purchaser.

3

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants NYEEM ANDERSON, ZAAHIR MCGOUGH, and QADIR PETTUS, together and with others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

On or about December 27, 2024:

1.      Defendant NYEEM ANDERSON established the Telegram channel, EBT CHANNEL.

On or about January 13, 2025:

2.      Defendant NYEEM ANDERSON advertised the sale of two stolen Treasury checks on a Telegram channel.

On or about January 14, 2025:

3.      Defendant NYEEM ANDERSON advertised the sale of nine separate stolen Treasury checks on a Telegram channel.

On or about February 16, 2025:

4.      Defendant NYEEM ANDERSON advertised the sale of stolen Treasury checks worth in aggregate $267,000, on a Telegram channel.

On or about February 23, 2025:

5.      Defendant NYEEM ANDERSON advertised the sale of eight separate stolen Treasury checks on a Telegram channel.

On or about March 4, 2025:

6.      Defendant NYEEM ANDERSON advertised the sale of three separate stolen Treasury checks, worth at least $263,618.67, on a Telegram channel.

4

On or about April 26, 2025:

7.    Defendant NYEEM ANDERSON advertised the sale of one stolen Treasury check, worth $226,972.90, on a Telegram channel.

On or about May 2, 2025:

8.    Defendant NYEEM ANDERSON advertised the sale of stolen Treasury checks on a Telegram channel.

9.    Defendant NYEEM ANDERSON messaged Person 1, an individual whose identity is known to the grand jury, through Telegram, and defendant ANDERSON sent Person 1 an image of a stolen Treasury check bearing check number 404562638746 in the amount of $9,538.

10.    Defendant NYEEM ANDERSON offered to sell Person 1 stolen Treasury check number 404562638746 for $996 and instructed Person 1 to send payment to a Cash App account, as directed by defendant ANDERSON.

On or about May 3, 2025:

11.    Defendant ZAAHIR MCGOUGH traveled to a UPS store and sent by interstate carrier a package to Person 1 with tracking number ending in -5505, which contained stolen Treasury check number 404562638746.

12.    Defendant ZAAHIR MCGOUGH used his own name, residence, and mobile telephone number for the sender information on the package.

13.    While at the UPS Store, defendant ZAAHIR MCGOUGH used his mobile telephone to contact defendant NYEEM ANDERSON's mobile telephone.

14.    Defendant ZAAHIR MCGOUGH collected a receipt for the package from a clerk at the UPS store.

15. Defendant NYEEM ANDERSON sent Person 1 a picture of the receipt, with tracking number ending in -5505, using Telegram.

On or about May 9, 2025:

16. Defendant NYEEM ANDERSON advertised the sale of stolen Treasury checks, including an image of a selection of stolen Treasury checks, on a Telegram channel.

17. Defendant NYEEM ANDERSON sent Person 1 an image bearing four stolen Treasury checks.

18. Defendant NYEEM ANDERSON sent Person 1 a screenshot of the Treasury Check Verification System for Treasury check bearing number 404562627572, which was a stolen Treasury check with a face value of $10,786.65.

19. Defendant NYEEM ANDERSON offered to sell Person 1 stolen Treasury check number 404562627572 for $299.

20. Defendant NYEEM ANDERSON instructed Person 1 to send payment to a Cash App account.

On or about May 10, 2025:

21. Defendant QADIR PETTUS traveled to a Commercial Mail Receiving Agency ("CMRA"), prepared a package to be sent by FedEx, and then sent by FedEx a package to Person 1 with tracking number ending in -2539, which contained stolen Treasury check number 404562627572.

22. Defendant QADIR PETTUS collected a FedEx shipping label receipt for the package from a clerk at the CMRA.

23. Defendant NYEEM ANDERSON sent Person 1 a picture of the receipt, with tracking number ending in -2539, using Telegram.

6

On or about May 14, 2025:

24.     Defendant QADIR PETTUS traveled to the CMRA, prepared packages to be sent by FedEx, and then sent by FedEx two packages that contained stolen Treasury checks.

On or about May 15, 2025:

25.     Defendant QADIR PETTUS called the CMRA to inquire as to why the tracking information had not been updated online for the two packages he had sent the day before.

On or about August 7, 2025:

26.     Defendant NYEEM ANDERSON advertised the sale of stolen Treasury checks, including an image of a selection of stolen Treasury checks, on a Telegram channel.

27.     Defendant NYEEM ANDERSON messaged Person 1 using Telegram.

28.     Defendant NYEEM ANDERSON instructed Person 1 to send payment totaling $2,000, to multiple Cash App and Zelle accounts.

29.     Defendant NYEEM ANDERSON sent Person 1 a screenshot of the Treasury Check Verification System for stolen Treasury check bearing number 404567238057, which was a stolen Treasury check with a face value of $22,688.70.

On or about August 8, 2025:

30.     Defendant NYEEM ANDERSON sent by FedEx a package to Person 1 with tracking number ending in -8185, which contained stolen Treasury check number 404567238057.

31.     Defendant NYEEM ANDERSON sent Person 1 a picture of the receipt, with tracking number ending in -8185 using Telegram.

7

On or about May 20, 2026:

32.     Defendant NYEEM ANDERSON advertised the sale of stolen Treasury checks, including an image of a selection of stolen Treasury checks, on a Telegram channel.

33.     Defendant NYEEM ANDERSON messaged Person 1 using Telegram.

34.     Defendant NYEEM ANDERSON sent Person 1 an image of stolen Treasury check bearing number 404581057588 in the amount of $8,528.

35.     Defendant NYEEM ANDERSON instructed Person 1 to send $1,600 payment to a Zelle account.

On or about May 21, 2026:

36.     Defendant QADIR PETTUS traveled to the FedEx store, prepared a package to be sent, and then sent by FedEx a package to Person 1 with tracking number ending in -7252, which contained stolen Treasury check number 404581057588.

37.     Defendant QADIR PETTUS showed the interstate carrier clerk photo identification and used his own name and address for the sender information on the package.

38.     Defendant QADIR PETTUS collected a receipt for the package from a clerk at the FedEx store.

39.     Defendant NYEEM ANDERSON sent Person 1 a picture of the receipt, with tracking number ending in -7252, using Telegram.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 through 4 of Count One are incorporated here.

2.     On or about December 19, 2024, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### NYEEM ANDERSON

unlawfully possessed approximately 249 pieces of United States mail, containing Treasury Checks worth approximately $15 million dollars, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

In violation of Title 18, United States Code, Section 1708.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 4 of Count One are incorporated here.

2.      From on or about January 13, 2025, to on or about May 27, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**NYEEM ANDERSON**

unlawfully possessed approximately 355 pieces of United States mail, containing Treasury Checks worth approximately $42 million dollars, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

In violation of Title 18, United States Code, Section 1708.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 through 4 of Count One are incorporated here.

2.    On or about May 10, 2025, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### QADIR PETTUS

unlawfully possessed approximately one piece of United States mail, containing a Treasury Check worth approximately $10,786.65, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

In violation of Title 18, United States Code, Section 1708.

11

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. On or about May 14, 2025, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## QADIR PETTUS

unlawfully possessed approximately three pieces of United States mail, containing Treasury Checks worth approximately $476,784.31, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

In violation of Title 18, United States Code, Section 1708.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.      Paragraphs 1 through 4 of Count One are incorporated here.

    2.      On or about May 21, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### QADIR PETTUS

unlawfully possessed approximately two pieces of United States mail, containing Treasury Checks worth approximately $14,451.33, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

    In violation of Title 18, United States Code, Section 1708.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 through 4 of Count One are incorporated here.

2.    On or about May 3, 2025, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ZAAHIR MCGOUGH

unlawfully possessed approximately one piece of United States mail, containing a Treasury Check worth approximately $9,538, which had been stolen, taken, embezzled, and abstracted, from mail, post office, station, letter box, mail receptacle, mail route, other authorized depository for mail matter, and letter and mail carrier, knowing the mail and mail contents had been stolen, taken, embezzled, and abstracted.

In violation of Title 18, United States Code, Section 1708.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Sections 371 and 1708, set forth in this indictment, defendants

**NYEEM ANDERSON,**
**QADIR PETTUS, and**
**ZAAHIR MCGOUGH**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, or a conspiracy to commit such offenses.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

DAVID METCALF
UNITED STATES ATTORNEY

*No.* _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

NYEEM ANDERSON
QADIR PETTUS
ZAAHIR MCGOUGH

INDICTMENT

18 U.S.C. § 371 (conspiracy to steal government funds – 1 count)
18 U.S.C. § 1708 (possession of stolen mail – 6 counts)

